IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY M. BLEVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV. NO. 2:13cv25-WKW-WC |
| | ) | |
| DONALD CHARLES MUNRO, II, | ) | |
| and JULIA S. MUNRO, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a Motion to Remand (Doc. 1), filed by Plaintiff Jerry M. Blevins ("Blevins"). Defendants Donald Charles Munro, II ("D. Munro") and Julia S. Munro ("J. Munro"), through the aid of counsel, filed a Response (Doc. 15). On April 2, 2013, after the withdrawal of Defendants' counsel from this case and notice from Defendants that they would proceed *pro se*, the District Judge entered an Order (Doc. 24) referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." On April 18, 2013, the court held a hearing on the pending Motion to Remand. Upon a review of the briefs and consideration of the testimony at the hearing, it is the RECOMMENDATION of the undersigned Magistrate Judge that the Motion to Remand be GRANTED, and this case REMANDED to the Circuit Court of Elmore County, State of Alabama.

## I.     DISCUSSION

Blevins moves for remand on the basis that "J. Munro's Notice of Removal is procedurally defective in that Defendant D. Munro did not join in the removal." Mot. (Doc. 1) at 6.   Blevins relies on the "Unanimity Rule," where "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(c).  Blevins asserts that D. Munro's failure to consent to the removal of this action deprives this court of jurisdiction.   Blevins's second argument is that D. Munro cannot consent to the removal of this action, because of the forum selection clause contained within the employment contract that Blevins seeks to enforce through this action.

For their part, Defendants argue that D. Munro did timely consent to the removal of this action by way of notice to the court.  *See* Notice of Consent to Removal (Doc. 14) (filed after the Motion to Remand).  Further, Defendants argue that the court should not reach the forum selection clause of the contract, because they "dispute [the] validity of the contract and would show that this is an ultimate issue in this case."  Resp. (Doc. 15) at 6.   Defendants request that the court reach its determination regarding forum selection after deciding the validity of the entire contract and "after discovery is completed, and then through appropriate motions to remand, motions to dismiss or motions for summary judgment."  *Id*.  The court finds that this approach would render the forum selection clause, of this or any disputed contract, useless and determines it best to first address the forum selection clause.

"Forum selection clauses are interpreted according to ordinary contract principles and

may constitute waivers of the right to remove." *Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, 526 F.3d 1379, 1381 (11th Cir. 2008).  "This circuit has held that the determination of whether such a clause constitutes a waiver, in the context of removal based solely on diversity jurisdiction, is to be determined according to ordinary contract principles, and need not meet the higher threshold of a 'clear and unequivocal' waiver that has otherwise applied to litigation-based waivers." *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004).  Forum selection clauses are generally categorized as "permissive," "mandatory," or a hybrid of the two.  "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'"  *Id*. at 1272 (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)).

A review of the forum selection clause in this case reveals it to be "mandatory."  The contract at issue is titled "FLAT-FEE/CONTINGENCY FEE AGREEMENT."  *See* Mot. Attach. 2 (Doc. 1-2).  The contract sets forth the terms of employment for Blevins to represent D. Munro in challenging a codicil to D. Munro's mother's last will and testament. The final line of the first page of the agreement states:  "I agree that should any dispute arise concerning the formation, execution, or enforcement of this agreement, that sole and exclusive jurisdiction and venue shall lie in the Circuit Court of Elmore County, State of Alabama."  *Id*.  Defendant D. Munro's initials appear just below this line and his signature appears on the very next page.  Further, at the hearing, D. Munro acknowledged that he

3

agreed to the forum selection clause of the agreement.   Indeed, Defendants do not challenge

that he entered into the contract, or that the contract mandates an Elmore County forum, they

simply argue that the court should proceed to determine the validity of the entire agreement.

Defendant D. Munro, however, has already agreed that any challenge to the "formation,

execution, or enforcement of [the] agreement" lies within the sole and exclusive jurisdiction

of the Circuit Court of Elmore County, State of Alabama.   The court finds that this waiver

is mandatory and constitutes a waiver of removal in the context of diversity.   To allow D.

Munro to consent to the removal of this action would "would defy the express language of

[the] contract."   *Russell Corp. v. Am. Home Assurance Co*. 264 F.3d 1040, 1047 (11th Cir.

2001).

D. Munro's inability to consent to removal requires remand.   "[T]he law is well

settled that in cases involving multiple defendants, all defendants must consent to the

removal of a case to federal court." *Id*. at 1049. The unanimity rule "must be strictly

interpreted and enforced because of the significant federalism concerns arising in the context

of federal removal jurisdiction." *Id*.[1]   Accordingly, the court finds that this case must be

remanded.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge

that the Motion to Remand be GRANTED, and this case REMANDED to the Circuit Court

---

[1] The unanimity rule even supercedes cases involving federal question jurisdiction. *See, e.g.*, *Lampkin v. Media Gen., Inc.*, 302 F. Supp. 2d 1293 (M.D. Ala. 2004).

4

of Elmore County, State of Alabama.

It is further

ORDERED that on or before **July 3, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 19th day of June, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE